IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY D. SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-2506 |
| | : | |
| MICHAEL CLARK, et al. | : | |

# ORDER

AND NOW, this 12th day of September, 2018, upon careful and independent consideration of Petitioner Anthony D. Scott's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and the response thereto, and upon de novo review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Scott's objections thereto, it is ORDERED:

1. Scott's objections (Document 23) are OVERRULED;[1]

---

[1] Pro se Petitioner Anthony D. Scott objects to the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, recommending that his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and denied without an evidentiary hearing upon finding that to the extent Scott's claims are cognizable on habeas review, they are procedurally defaulted and no cause and prejudice exists to remove the default. Under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Upon de novo review of the record, and in light of the fact that Judge Hey already considered and addressed the arguments Scott sets forth in his objections, Scott's objections are overruled for the reasons stated in the R&R. The Court will, however, briefly address Scott's additional arguments.

In his objections, Scott argues his human rights claims, styled as his second claim for relief in his petition and advanced in conjunction with other Constitutional claims, are cognizable on habeas review because they were exhausted pursuant to 22 U.S.C. § 2254(b). To assert a claim for relief, a habeas petitioner must first establish "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the Universal Declaration of Human Rights is not part of the Constitution or law or treaties of the United States; rather, it is a "non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("The [Universal Declaration of Human Rights] does not of its own force impose obligations as a matter of international law")). The exhaustion of any

2. The Report and Recommendation (Document 18) is APPROVED and ADOPTED;

3. Scott's Petition for Writ of Habeas Corpus (Document 1) is DENIED; and

4. Scott having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

It is further ORDERED:

1. Scott's motions for bail and other requests for relief (Documents 9, 15, 16, and 17) are DENIED for the reasons stated in the Report and Recommendation; and

2. Scott's Motion for Order/Ruling & Consideration (Document 24) is DISMISSED as MOOT in light of this Order.

---

claims that arise under the Declaration is thus immaterial as those claims cannot be reviewed in a § 2254 habeas petition.

As to Scott's contentions concerning his claims that relate to a denial of discovery by the prosecutor, court, and his attorneys, these have already been addressed by Judge Hey or are immaterial to her findings. Scott states that in her R&R, Judge Hey did not consider the length of time it took him, five years after his conviction, to receive certain discovery materials. He also argues that she failed to address an argument relating to his trial counsel who was forced to withdraw, and that she erroneously stated that his Post-Conviction Relief Act (PCRA) appeal brief was not included in the state court record provided to her. However, Scott does not explain how the delayed receipt of certain discovery affects the finding that these claims are procedurally defaulted. Scott also fails to explain—and the Court fails to understand—the relevance of Judge Hey's alleged misstatement that his PCRA appeal brief was not included in the state court record provided to her, as Scott does not contend the brief clarified or raised additional issues not identified in Scott's Pennsylvania Rule of Appellate Procedure 1925 Statement of Issues, which was included in the record and was relied on by Judge Hey. Finally, contrary to Scott's assertion, Judge Hey does address Scott's arguments concerning his trial counsel who was allegedly forced to withdraw. *See* Mem. Op. 14-16.

The rest of Scott's arguments, which concern the production of the bill of information or indictment in his case and claims of trial court error, were thoroughly addressed in the R&R. Insofar as Scott raises any new arguments for the first time in his objections, such as the falsification of documents by various entities and other instances of trial court error not presented to Judge Hey, these will not be considered. *See* Local R. Civ. P. 72.1(IV)(c) ("[U]nless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."). To the extent that any of Scott's objections raise new issues, because they could have been brought before Judge Hey, the "interest of justice" does not require that the Court consider them.

Accordingly, the Scott's objections are overruled, and the Court adopts the R&R in full.

3. The Clerk of Court is directed to mark this case as CLOSED.

                                      BY THE COURT:

                                      <u>/s/    Juan R. Sánchez</u>
                                      Juan R. Sánchez, C.J.